UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SECRET, | Case No. 25-CV-1153 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MINNESOTA, | |
| Defendant. | |

A plaintiff—he or she will not say who, referring to themselves only as "Secret"—has filed a complaint alleging that the State of Minnesota has been engaged in various civil-rights violations. There are multiple problems with this action. "Secret" has not signed the complaint, in violation of Rule 11(a) of the Federal Rules of Civil Procedure, and he or she has not signed his or her application to proceed *in forma pauperis* ("IFP"), in violation of both Rule 11(a) and 28 U.S.C. § 1915(a). Moreover, no substantive financial information has been provided on the IFP application of "Secret," and thus the Court would not be able to conclude from the IFP application that "Secret" is entitled to proceed without paying the filing fee for this matter.

And most importantly, the complaint does not plausibly allege that "Secret" has standing to pursue any of the claims raised in this action. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*,

578 U.S. 330, 338 (2016).  To establish standing, a plaintiff must prove that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.*  An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Nowhere in the complaint does "Secret" plausibly allege that he or she, specifically, has been harmed by something the State of Minnesota has done or that there is an imminent threat of injury due to something the State of Minnesota will do.

Standing is a jurisdictional prerequisite; the Court lacks jurisdiction over a proceeding in which the plaintiff lacks standing to prosecute his or her claims.  *See, e.g.*, *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007).  Because "Secret" has not adequately pleaded that he or she has standing to pursue the claims raised in the complaint, this matter will be dismissed without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff "Secret" [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 2, 2025

s/Patrick J. Schiltz  
Patrick J. Schiltz, Chief Judge  
United States District Court